*430 Order upon Appellant’s Motion to Transfer Cause, and on Suggestion for Disqualification
PER CURIAM.
There has been filed in this cause a motion entitled: “Appellant Bernard M. Shot-kin’s affidavit of prejudice, and motion that the members of the Third District Court of Appeal are prejudiced against him, and that he will not receive justice in this Court, that the Court recuse themselves and forward this appeal to the Court of Donald K. Carroll, formerly president of the Florida Bar Association”. The use of the term ‘affidavit of prejudice” indicates an intention on the part of the appellant, who appears here in propria persona, to proceed under section 38.10, Fla.Stat., F.S.A. The motion is not verified and is not otherwise in accord with the procedure set out in the cited section. It is therefore treated as a suggestion for disqualification of the individual judges of this Court under section 38.02, Fla.Stat., F.S.A., and as a motion to transfer the cause.
The only ascertainable ground for the motion to transfer is that the appellant would prefer another court. The motion is therefore denied.
As shown hereinabove, the motion or suggestion for disqualification does not meet the requirements of the statute, Section 38.10, Fla.Stat., F.S.A.
This court has taken into consideration the individual statements filed by the judges of the court relating to the facts upon which the motion or suggestion was based. Following the procedure which was employed by the Supreme Court of Florida in a somewhat similar case, in Ball v. Yates, 158 Fla. 521, 29 So.2d 729, 733-737, and on the authority of that case the suggestion'is overruled.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.
Statement of
Chief Judge CHARLES A. CARROLL in re:
Suggestion of Disqualification
In the suggestion that I recuse myself from participation in this cause filed by the appellant Bernard M. Shotkin in propria persona, he refers to the fact that the undersigned while acting as a Circuit Judge of the Eleventh Judicial Circuit once re-cused himself at the request of the said Shotkin.
That was a case in which the other party was a man named Popenhager. I recused myself in that case not because of any prejudice or attitude toward the said Shotkin, with whom I have only the barest acquaint- *431 anee if any, but because of the fact that the other party to the cause, Popenhager, was a close friend of the undersigned of many years standing.
In this case, the said Shotkin also implies that when the undersigned recused himself as Circuit Judge in the aforementioned case in the Circuit Court, the cause then was improperly assigned to another judge who heard it; however, that cause was reassigned to the proper and designated alternate judge under the rules of the Circuit Court in effect at that time.
For the reasons stated the information presented by the appellant in this connection in his suggestion or motion is inaccurate, and it presents no adequate or sufficient basis for a recusement of the undersigned in the present case. See Ball v. Yates, 158 Fla. 521, 29 So.2d 729.
Respectfully submitted,
/s/ CHARLES A. CARROLL
Statement of
Judge MALLORY HORTON
in re: Suggestion of Disqualification
A suggestion (unsworn) has been made by the appellant that I recuse myself from participating in this cause.
The grounds for my disqualification are, at best, vague and uncertain. The following as it applies to the undersigned is alleged as the basis for recusement:
“Sinclair and Nicholas had recommended him to act as appellants attorney * * * but instead Mr. Horton redommended Herman Methfessel in the case of Weksler vs Shotkin and as threatened appellant by Weksler * * * Methfessel and 5 other attorneys one another took appellants fees in advance but did not represent appellant with good faith and refused to to argue his motion to dismiss, motions for summary judgment and to take oral depositions from Weksler and this appellant feels that he has no cnance for a square deal by this appeal court.”
I cannot definitely recall with certainty that Mr. Shotkin ever appeared in person at my office while I was a practicing attorney. It is entirely possible that I did recommend other attorneys, but I am sure that I did not recommend one attorney in preference to others. I have no knowledge that Mr. Methfessel or other attorneys handled Mr. Shotkin’s litigation, nor am I aware of the facts and background of such litigation. I am conscious of no bias or prejudice against Mr. Shotkin and I am completely without knowledge of the identities of the appellees in this case.
I fail to see any connection between the. allegations by Mr. Shotkin and the present case. I feel that it is my duty as one of the judges of this court to participate in the disposition of this and any other cases before the court in which I am not otherwise legally disqualified.
Respectfully submitted,
/s/ MALLORY HORTON
Statement of
Judge TILLMAN PEARSON
in re: Suggestion of Disqualification
A suggestion that I recuse myself from participating in this cause has been filed by appellant, Bernard M. Shotkin in propria persona. The indicated ground for my disqualification is that I, while sitting as a Judge on the Civil Court of Record in and for Dade County, Florida determined an eviction case, and refused to evict one Salvador Q. Vallejo. Mr. Vallejo was a party defendant with the appellant in the court below, but is not made a party to this appeal. The appeal now before this Court is from a final decree foreclosing a mortgage, and is not concerned with the landlord and tenant case. I am conscious of no bias or prejudice against appellant, Bernard M. Shotkin, as a result of the aforementioned ruling in the Civil Court of Record.
I have examined the “suggestion” and the record in this case. In the light of this examination I am unable to find any connection between the landlord and tenant *432 case and any matter involved on this appeal. The “suggestion” is inadequate and insufficient in law and no disqualification is shown, or in fact exists. It is therefore my duty to participate in the disposition of this case. See Ball v. Yates, 158 Fla. 521, 29 So.2d 729.
Bernard M. Shotkin, in pro. per., for appellant.
Bernard S. Mandler, Miami Beach, for appellee.
Respectfully submitted,
/s/ TILLMAN PEARSON
PER CURIAM.
Appeal dismissed.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JJ., concur.